**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JEREMIAH PAYNE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. CIV-22-889-STE** |
| ) | |
| **KILOLO KIJAKAZI,** ) | |
| **Commissioner of the Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. _____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

## I.    PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 21-34). The Appeals Council denied Plaintiff's

request for review. (TR. 7-9). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II.   THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since February 4, 2020, the application date. (TR. 23). At step two, the ALJ determined Mr. Payne suffered from the following severe impairments: obesity; headaches; hypertension; diabetes mellitus; back disorder; sinus tachycardia with mild systolic murmur; anxiety; and depressive disorder. (TR. 23). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 23).

At step four, the ALJ concluded that Mr. Payne retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 416.967(b) except can occasionally climb, balance, stoop, kneel, crouch, and crawl. The claimant can understand, remember, and carry out simple, routine, and repetitive tasks. The claimant can relate to supervisors and co-workers on a superficial work basis. The claimant can have occasional contact with the general public. The claimant can adapt to a work situation.

(TR. 27).

At step four, the ALJ concluded that Plaintiff had no past relevant work. (TR. 32). As a result, the ALJ presented the RFC limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 58). Given the limitations, the VE identified three jobs from the Dictionary of Occupational

Titles that Plaintiff could perform. (TR. 59). The ALJ then adopted the VE's testimony and concluded, at step five, that Mr. Payne was not disabled based on his ability to perform the identified jobs. (TR. 33).

## III.   ISSUES PRESENTED

On appeal, Mr. Payne alleges error in the ALJ's duty to develop the record and a lack of substantial evidence to support the RFC. (ECF No. 13:7-15).

## IV.   STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence . . . is more than a mere scintilla . . . and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V.     THE ALJ'S DUTY TO DEVELOP THE RECORD

"It is well established that a Social Security disability hearing is a nonadversarial proceeding, in which the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." *Thompson v. Sullivan*, 987 F.2d 1482, 1492 (10th Cir. 1993) (citing *Heckler v. Campbell,* 461 U.S. 458, 471 n. 1 (1983). This duty to develop the record pertains even if the claimant is represented by counsel. *See Musgrave,* 966 F.2d at 1374 (duty heightened when claimant is unrepresented). The length or brevity of a benefits hearing, however, is not dispositive of whether or not the ALJ has met his or her obligation to adequately develop the record. *Thompson*, 987 F. 2d 1492. "[T]he more important inquiry is whether [sufficient questions were asked] to ascertain (1) the nature of a claimant's alleged impairments, (2) what on-going treatment and medication the claimant is receiving, and (3) the impact of the alleged impairment on a claimant's daily routine and activities." *Id.*

Here, Mr. Payne alleges that the ALJ failed to question Plaintiff regarding his disability—particularly his use of assistive devices, migraine headaches, sleep apnea, and Plaintiff's depression/anxiety. (ECF No. 13:9-10). In response, the Commissioner argues that the ALJ did ask about Plaintiff's use of a cane and then Plaintiff's representative "further developed the relevant areas of inquiry," including Plaintiff's allegations regarding his use of a cane, migraines, and activities of daily living. (ECF No. 18:11-12). The Court agrees with Mr. Payne regarding the ALJ's failure to develop the record regarding Plaintiff's need to use assistive devices.

At the outset of the hearing, the ALJ asked Mr. Payne questions regarding his name, date of birth, address, phone number, social security number, housing, and whether he was left or right-handed. (TR. 44-45). The ALJ then asked Plaintiff if he used any assistive devices, and Plaintiff stated that he used a cane and had a brace on his right foot for the past 4-5 years. (TR. 45). Mr. Payne explained that he had broken his right foot three times and "it's been giving [him] problems ever since." (TR. 45). The ALJ then proceeded to ask Plaintiff questions regarding his schooling, his use of alcohol, cigarettes, and illegal drugs, and whether he had a driver's license. (TR. 46-47).

Following these questions, the ALJ turned the hearing over to Mr. Payne's representative who asked Plaintiff questions regarding his sleep apnea, migraines, medication and related side effects, and his daily activities. (TR. 47-57). During the course of this questioning, Mr. Payne testified that he could only walk approximately two blocks at one time and required a cane to do so. (TR. 55-56). Following the representative's questioning, the ALJ did not further inquire regarding Plaintiff's use of assistive devices or the impact on his ability to walk or stand. *See* TR. 56-61. In the decision, the ALJ acknowledged Mr. Payne's report of using an ankle brace and walking with a cane in a function report, at a consultative examination, and at the hearing. (TR. 28-29). Even so, the ALJ failed to explain whether he accepted or rejected Plaintiff's reports,[1] and as noted by Mr. Payne, the ALJ "failed to explain how a person using a cane can perform light (standing/walking) work." (ECF No. 13:9). Ultimately, the RFC provided that Plaintiff could

---

[1] *See* TR. 21-34.

"perform light work as defined in 20 CFR 416.967(b)" without any accommodation for Plaintiff's use of a cane. (TR. 27).

Social Security Ruling 96-9p provides that assistive devices such as canes will be found medically necessary when there is "medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed." SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996). Furthermore, a prescription is not required for a hand-held assistive device to be medically necessary, only "medical documentation establishing the need for the device." *Staples v. Astrue*, 329 F. App'x 189, 191 n. 1 (10th Cir. 2009).

As stated, in the administrative decision, the ALJ mentioned Plaintiff's cane use by acknowledging what Plaintiff had stated in his function report, at a consultative examination, and his hearing testimony. *See supra*. However, the ALJ did not further discuss Plaintiff's use of a cane or ankle brace or their potential effect on the RFC or Mr. Payne's ability to work. The omissions constitute error.

Although the ALJ acknowledged Plaintiff's use of a cane and ankle brace, he failed to explain why he obviously rejected the fact that these assistive devices impacted Mr. Payne's ability to walk and/or stand. "[While] [t]he ALJ is not required to accept Plaintiff's testimony about her [assistive device]. . . at face value, . . . at a minimum the ALJ must explain why he rejected that testimony." *Thompson v. Berryhill*, No. CIV-17-923-R, 2018 WL 3427652, at *3 (W.D. Okla. July 16, 2018). Following the ALJ's recitation of Plaintiff's subjective complaints, including his testimony, the ALJ recited three pages of medical evidence, including a consultative examiner's notation that Mr. Payne "had to use a cane

for assistance," and then simply stated that claimant's statements about the intensity, persistence, and limiting effects of his symptoms, were "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (TR. 31). Based on this statement, the Court concludes that the ALJ's "explanation" insufficiently addresses Plaintiff's need for a cane and/or ankle brace.

Although Mr. Payne did not directly challenge the ALJ's rejection of Plaintiff's testimony regarding the use of assistive devices, the discussion is relevant because the ALJ failed to develop the record in this regard; especially in light of the evidence in the record which indicated that the cane was "medically necessary." *See* SSR 96-9p, at *7 (noting that an assistive device is "medically required," if the record contained "medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed."); *Wood v. Berryhill*, No. CIV-18-670-STE, 2019 WL 470914, at *4 (W.D. Okla. Feb, 16, 2019) (noting that a physician's assistant's observation regarding a plaintiff's "weak gait requiring a cane" consisted a medical opinion regarding the medical necessity of an assistive device).

Based on Plaintiff's testimony and the medical documentation establishing Plaintiff's use of a cane and ankle brace, the ALJ was required to further develop the record in this regard and discuss Mr. Payne's need for these assistive devices. The ALJ's failure to do so constitutes legal error. *See Carter v. Chater*, 73 F.3d 1019, 1022 (10th Cir. 1996) (remanding for further development of the record when ALJ was made aware of plaintiff's condition and diagnosis but made no effort to obtain further information regarding the same); *Thompson v. Berryhill*, 2018 WL 3427652, at *3 (reversing based

on the ALJ's failure to discuss evidence regarding Plaintiff's use of a cane or explain why he had rejected it or had failed to include it in the RFC).

## VI.   PLAINTIFF'S REMAINING ALLEGATION OF ERROR

In his second allegation of error, Plaintiff alleges a lack of substantial evidence to support the RFC. (ECF No. 13:10-14). But the Court declines consideration of this issue. Because the ALJ failed to develop the record with respect to Plaintiff's use of assistive devices and/or its impact on Plaintiff's RFC, it is impossible for this Court to determine whether the ALJ's findings on Plaintiff's RFC are supported by substantial evidence. *See Keyes-Zachary*, 695 F.3d 1156, 1166 (10th Cir. 2012).

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on December 12, 2023.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE